IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-736-BO

| | |
|---|---|
| JOSHUA JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE UNIVERSITY OF PHOENIX, INC., ) | |
| a subsidiary of APOLLO GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on defendant University of Phoenix, Inc.'s motion to dismiss and compel arbitration pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–4 [DE 8]. The motion is ripe for adjudication. For the reasons stated herein defendant's motion to dismiss is GRANTED and arbitration is COMPELLED.

## BACKGROUND

Plaintiff is a former employee of defendant. On October 20, 2013, plaintiff filed his complaint against defendant alleging discrimination, harassment, and retaliation claims under Title VII and Section 1981, and claims for negligent infliction of emotional distress and breach of contract. Defendants argue that plaintiff is precluded from pursuing his claims in this Court by a written arbitration agreement.

## DISCUSSION

I. PLAINTIFF'S STATUS AS PARTY TO ARBITRATION AGREEMENT.

Defendant's argument as to whether this this case should be dismissed and plaintiff should be compelled to arbitrate is based on the idea that plaintiff is a party to an arbitration agreement between himself and defendant. Mr. Jackson disputes that this is case. [DE 10 at 3]. He denies that he signed an acknowledgment agreeing to be bound by the arbitration agreement. [DE 10 at 2]. He further disputes that he manifested any specific intent to accept the terms of the arbitration. [*Id.*]. Plaintiff includes a declaration that states that he never knowingly placed his signature, by handwriting or electronically, on any document acknowledging his acceptance of an arbitration clause. [DE 11]. Plaintiff also attempts to cast doubt on the validity of the signature defendant does possess. [DE 10 at 5]. Further, he argues that it is suspicious that he would have signed an arbitration agreement only months before his termination, but not in the three preceding years that he was employed by defendant. However, the evidence provided by defendant in its reply brief shows that plaintiff has no basis to claim that he was not a valid party to the arbitration agreement.

Notably, plaintiff not only electronically acknowledged receipt of defendant's 2011 employee handbook, including the arbitration agreement, but he also electronically acknowledged defendants 2008, 2009, and 2010 employee handbooks all of which contain similar versions of the arbitration agreement. [DE 13-1 Ex. A–I]. Further, plaintiff's loose allegation that his arbitration acknowledgement signature is fraudulent is entirely unsupported. He offers only his own statement with the statements of two other employees that speculate that defendant prepared and submitted fraudulent documents to the Court. [DE 11]. He offers no evidence that factually supports his claim. Other courts have found valid and enforceable

arbitration agreements exist even where a plaintiff submits a declaration speculating that the employer's copy of the electronic signature is fraudulent. *See e.g., Morgan v. United Healthcare Servs., Inc.*, 2013 U.S. Dist. LEXIS 61723, *7–10 (S.D. Ohio Apr. 30, 2013) (granting defendant's motion to compel arbitration where plaintiff speculated that defendant was capable of tampering with a signature to an arbitration agreement); *Castro Rosas v. Macy's, Inc.*, 2012 U.S. Dist. LEXIS 121400, *13–15 (C.D. Cal. Aug. 24, 2012) (enforcing arbitration agreement and holding that plaintiff's claims that defendant fraudulently affixed plaintiff's signatures to acknowledgement forms were unconvincing where the personal information required for completion of the on-line forms suggest that only the plaintiff's themselves could have completed them). Here, as in *Castro Rosas*, defendant has security measures in place that protect an employee's access to his personal information including his human resources paperwork such as handbook acknowledgement forms. [DE 13-1]. Such measures include passwords that are only known to the employees themselves. [*Id.*]. Plaintiff's argument that his electronic signature on the 2011 acknowledgment form was fraudulent and therefore he is not a party to the arbitration agreement is wholly unconvincing in light of defendant's evidence.

II. THE ARBITRATION AGRREMENT REQUIRES THE ARBITRATOR, NOT THE COURT, TO DETERMINE IF PLAINTIFF'S CLAIMS ARE SUBJECT TO THE ARBITRATION AGREEMENT.

Ordinarily, in deciding whether to compel arbitration, the Court must determine (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84 (2002). However, there is an exception to this general rule where "the parties clearly and unmistakably provide otherwise." *AT&T Tech. v. Communications Workers*, 475 U.S. 643, 649 (1986); *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("The question 'who has the primary power

3

to decide arbitrability' turns upon what the parties agreed about *that* matter."). In such cases, the Court examines the underlying contract to determine whether the parties have in fact agreed to commit the question of arbitrability to the arbitrator. *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2777–78 (2010) ("An agreement to arbitrate a gateway issue is simply an additional antecedent agreement the party seeking arbitration asks the court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other.").

Here, the parties have clearly and unmistakably provided that the arbitrator should decide the gateway issues of whether an enforceable agreement exists and whether that agreement is applicable to the claims raised by plaintiff. The arbitration agreement states:

> Except as it otherwise provides, this Arbitration Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law, and therefore this Arbitration Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial . Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Arbitration Agreement, including the enforceability, revocability, or validity of the Arbitration Agreement or any portion of the Arbitration Agreement.

[DE 9 Ex. 3 at 29]. Accordingly, any arguments as to the applicability of the arbitration agreement to plaintiff's claims should be decided by an arbitrator not this court. Because the questions of enforceability, outside of the issue of fraud and validity of the initial agreement determined by this Court above, and applicability to plaintiff's claims should be determined by the arbitrator, this Court does not rule on these issues.

Upon the granting of a motion to compel arbitration, the Court must determine whether to stay or dismiss plaintiff's lawsuit. *See* 9 U.S.C. §§ 3, 4 (stating that when an arbitration agreement governed by the FAA covers claims that have been asserted in a lawsuit, the Court having jurisdiction over the case must compel arbitration and either dismiss the action or stay further judicial proceedings until arbitration has been held). "Notwithstanding the terms of § 3,

however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001). Reviewing the terms of the contract at issue in this matter, the Court finds that all of plaintiff's claims are subject to arbitration. Moreover, plaintiff did not offer any arguments or authority as to why a stay would be more appropriate than dismissal of their claims under these circumstances. Accordingly, plaintiff's claims are dismissed and this action is terminated.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 8] is GRANTED and plaintiff Joshua Jackson is compelled to arbitrate his claims against defendant. Plaintiff's claims are DISMISSED in their entirety without prejudice. The clerk is directed to close the file.

SO ORDERED.

This the 17 day of February, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE